UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRIN DeJOHN | CIVIL ACTION |
| VERSUS | NO. 18-13410 |
| DELTA FAUCET COMPANY | SECTION M (4) |

## ORDER & REASONS

Before the Court is a motion for temporary restraining order and preliminary injunction filed by plaintiff, Darrin DeJohn ("DeJohn"),[1] to which defendant Delta Faucet Company ("Delta") responds in opposition.[2] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This case involves a claim for detrimental reliance made by the owner of a limited liability company ("LLC") against a company with which his LLC has a contract. On September 21, 2016, DeJohn, a resident of Louisiana, purchased Woolf-Harris, LLC ("Woolf-Harris"), a sales company that, by contract, is Delta's sales representative in the territories of Louisiana, Mississippi, and western Tennessee.[3] Woolf-Harris has been a Delta sales representative since 1975.[4] DeJohn alleges that, before he purchased Woolf-Harris, Delta representatives promised him, "outside of and in addition to any agreement Delta had with Woolf-Harris generally," that Delta would not terminate its contract with Woolf-Harris if DeJohn remained the owner and Woolf-Harris maintained its level of performance.[5]

---

[1] R. Doc. 3.
[2] R. Doc. 4.
[3] R. Doc. 1 at 1-2.
[4] *Id.* at 2.
[5] *Id.* at 3-4.

The contract between Delta and Woolf-Harris provides:

> Either party shall have the absolute discretionary right to terminate the Representation Period, with or without cause or reason, by giving prior written notice of such termination at least ninety (90) days prior to the effective date of termination (the "Termination Date").[6]

The contract also contains an integration clause, which states:

> the terms and conditions of this Agreement supersede any and all previous agreements between the parties, whether oral or written, including any rights of [Woolf-Harris] under such agreements. The parties agree that the terms of this Agreement, together with any confidentiality or non-disclosure agreement, comprise the entire agreement between them.[7]

On September 20, 2018, Delta notified Woolf-Harris via letter that it intended to terminate the contract, without cause, effective December 31, 2018.[8]

On December 11, 2018, DeJohn filed this action against Delta alleging a claim for detrimental reliance and seeking injunctive relief preventing Delta from terminating its contract with Woolf-Harris.[9] DeJohn filed the suit in his individual capacity alleging that he would not have purchased Woolf-Harris, at a substantial personal cost, if Delta had not made the alleged promise.[10]

On December 18, 2018, DeJohn moved for a temporary restraining order and preliminary injunction preventing Delta from terminating its contract with Woolf-Harris.[11] DeJohn argues that he will suffer irreparable harm in the loss of his business if the injunctive relief is not granted.[12] Delta contends in part that DeJohn, in his personal capacity, lacks standing to obtain

---

[6] R. Doc. 4-1 at 7.
[7] *Id.* at 9.
[8] R. Doc. 1 at 5. On November 30, 2018, Delta sued Woolf-Harris in the United States District Court for the Southern District of Indiana, Indianapolis Division, seeking a declaratory judgment regarding Delta's right to unilaterally terminate the contract without cause. *Delta Faucet Company v. Woolf-Harris LLC*, C/A No. 18-3777 (S.D. Ind.).
[9] R. Doc. 1 at 5-8.
[10] *Id.* at 5-6.
[11] R. Doc. 3.
[12] R. Doc. 3-1 at 15-16.

injunctive relief prevent it from lawfully terminating a contract with a third party, Woolf-Harris.[13]

## II. LAW & ANALYSIS

Article III of the Constitution of the United States specifies that a federal court's "power extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy," which developed in the jurisprudence "to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Id.* (citation omitted). The standing "doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Id.* (citations omitted).

A plaintiff must establish standing as to each claim asserted. *Town of Chester v. Laroe Estates, Inc.*, __ U.S. __, 137 S. Ct. 1645, 1650 (2017). The "'irreducible constitutional minimum' of standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff must demonstrate that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 at 560–61; *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 180-81 (2000)).

"In addition to the limitations on standing imposed by Art. III's case-or-controversy requirement, there are prudential considerations that limit the challenges courts are willing to hear." *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984). Generally, the plaintiff "'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

---

[13] R. Doc. 4 at 2. Because the Court finds that DeJohn lacks standing seek the injunctive relief requested, the Court will not address the parties' arguments regarding the standard for issuing injunctive relief or the merits of DeJohn's detrimental reliance claim in his individual capacity.

The constitutional and prudential limitations on standing apply to claims for injunctive relief. *Camreta v. Greene*, 563 U.S. 692, 723 (2011).

DeJohn does not have standing to pursue injunctive relief related to the dissolution of the contract. Because the personality of a limited liability company is distinct from its members, the principal of such a company cannot assert rights on the company's behalf.[14] *Bayou Fleet P'ship v. Clulee*, 150 So. 3d 329, 333 (La. App. 2014). "A person who does business in a corporate form and reaps the benefits of incorporation cannot sue individually for damages incurred by the [company]." *Id.* at 334; *see also Harvey v. State of La.*, 183 So. 3d 684 (La. App. 2015) (permitting plaintiff who sued not individually, but in his capacity as the owner of the company, to seek injunctive relief for the company).

DeJohn, in his individual capacity, seeks injunctive relief preventing Delta from terminating a contract with a third-party, Woolf-Harris. DeJohn is not a party to the contract in his individual capacity, and Woolf-Harris is not a party to this litigation, which does not involve

---

[14] A federal court exercising diversity subject-matter jurisdiction applies the choice-of-law rules of the state in which it sits to determine which substantive law will apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 498-97 (1941). Under Louisiana law, a claim for detrimental reliance is a quasi-contractual claim. *Patriot Const. & Equip., LLC v. Rage Logistics, LLC*, 215 So. 3d 844, 851 (La. App. 2016). Louisiana Civil Code article 3541 states that "[u]nless otherwise provided by the law of this state, the law applicable … to quasi-contractual obligations is determined in accordance with the principles of" the choice-of-law provisions dealing with contractual obligations. Thus, the general rule for determining the law applicable to a contract, stated in Article 3537, governs. Article 3537 provides:

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in [Louisiana Civil Code] Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

While the parties did not undertake a choice-of-law analysis in their memoranda, the information made available to the Court therein indicates that Louisiana law would apply because Louisiana is the place of performance of the contract, at least in part, and the place where DeJohn alleges damages would be sustained.

a claim for breach of the contract. DeJohn cannot bootstrap the personal harm he might face as a result of the termination into standing to seek relief that clearly belongs to Woolf-Harris. Therefore, DeJohn lacks standing to assert a claim for injunctive relief that would affect the rights of the parties to the contract.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that DeJohn's motion for temporary restraining order and preliminary injunction is DENIED.

IT IS FURTHER ORDERED that DeJohn's claim for injunctive relief is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 21st day of December, 2018.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE